# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### Western Division

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> EQUITY LOANS, LLC, <br><br> Defendant. | Civil Action No. 5:14cv284-FL |

## STIPULATED PROTECTIVE ORDER

This matter is before the Court on the parties' motion for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c). Based on the parties' jointly filed motion, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that confidential information be disclosed only in designated ways:

1.      As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" means all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.      A Party may designate a document "Confidential," to protect information within the scope of Fed. R. Civ. P. 26(c), provided that the party has a good faith belief that the

material would be entitled to protection if the party filed a motion for protective order. Documents shall not be marked as confidential unless they are at least arguably subject to protection. The failure to designate information as confidential does not waive privacy protections that may otherwise exist under applicable laws, including without limitation Fed. R. Civ. P. 5.2, the Gramm-Leach-Bliley Act, and the tort of invasion of privacy. Those laws remain in full force and effect with respect to information in this case, regardless of whether such information is designated "Confidential" and thereby subject to the additional protections of this Order.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

    a. the Court and its staff;

    b. Attorneys, their law firms, and their Outside Vendors;

    c. persons shown on the face of the document to have authored or received it;

    d. court reporters retained to transcribe testimony;

    e. the parties; and

    f. outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this

action.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action.   A copy of this Protective Order shall be served along with any subpoena served in connection with this action.   All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Counsel shall deliver the Written Assurance to opposing counsel within 3 days of receipt from the outside independent person.   If a party objects in writing to such disclosure after receipt of notice, counsel shall request return of the disclosed information and no further disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7.      All portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript, and must identify the specific page(s) and line(s) containing confidential information.   Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.   The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of

persons who are qualified to have access to such information.

8.      Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9.      If a party files a document containing Confidential information with the Court, **it shall do so by filing the document *both* (1) on the public docket, redacting the confidential information, and (2) under seal with the Clerk of Court in compliance with the applicable local rules governing the filing of such information, including Local Rule 79.2 and Section T of the CM/ECF Policy Manual.  For purposes of this Order, the sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged.  No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so.  Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.**  Before disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.  Before filing any information that has been designated confidential, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed.  Proposed sealed documents shall be filed in accordance with Local Civil Rule 79.2 and Section T of the CM/ECF Policy Manual ("Section T") and shall remain under seal pending the Court's ruling on the motion to seal.  The filing of the materials under seal shall not be binding on the Court.  In the

event that a filing party seeks to file materials that have been designated confidential by another party or individual, the filing party shall provisionally file the materials under seal in accordance with Local Civil Rule 79.2 and Section T.  CM/ECF Policy Manual§ T(1)(a)(6).  The filing party is required to file a notice of filing pursuant to Section T, in lieu of filing a motion to seal, and the filing party need not file a motion to seal or otherwise defend another party's or individual's request that the materials remain sealed.  *Id.*  Within seven (7) days after service of such notice, the party or individual desiring that the materials be maintained under seal shall file a motion to seal and supporting memorandum in accordance with Section T.  *Id.*  Documents submitted under seal will remain under seal pending the Court's ruling on the motion to seal.  *Id.*  If the party desiring that the information be maintained under seal does not timely file a motion to seal, then the materials will be unsealed, without further order of the court.  *Id.*  A motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed.  Absent such authority, the filing party must submit a supporting memorandum that specifies: (i) the exact document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion.  *Id.* § T(l)(a)(1).  *See also Stone v. Univ. of Md.*, 855 F.2d 178 (4th Cir. 1988).  In addition to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal.  CM/ECF Policy Manual§ T(1)(a)(l).

10.    Any party may request a change in the designation of any information designated "Confidential."  Any such document shall be treated as designated until the change is completed.

If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11.     Within 60 days of the termination of this action, including any appeals, each party shall, upon written request of the designating party, either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12.     Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14.     The obligations imposed by the Protective Order shall survive the termination of this action.

15.     If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential document or information until they execute and file with the court their written agreement to be bound by the provisions of this Protective Order.

16.    The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney client privilege or work product protection, including, but not limited, to information or documents that may be considered Confidential under this Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection, the receiving party must either return the information or documents to the producing party or seek an order from the Court regarding the information or document's production within 5 days.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

17.    All prior consistent orders remain in full force and effect.

18.    All rights available at law are reserved for any violation of this Order.

Dated:   08/25/2014         

_____

Louise Wood Flanagan
**United States District Judge**

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of
_____, County of _____, State of _____ . My
telephone number is _____.

I am currently employed by _____, located at
_____, and my current job title is
_____.

I have read and I understand the terms of the Protective Order dated _____,
filed in Civil Action No. 5:14cv189, pending in the United States District Court for the
Eastern District of North Carolina. I agree to comply with and be bound by the provisions
of the Protective Order. I understand that any violation of the Protective Order may subject me
to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential"
obtained pursuant to such Protective Order, or the contents of such documents, to any person
other than those specifically authorized by the Protective Order. I shall not copy or use such
documents except for the purposes of this action and pursuant to the terms of the Protective
Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall
return to the attorney from whom I have received them, any documents in my possession
designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and
indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing or otherwise providing relief relating to the Protective Order.


Executed on _____                    _____
                    (Date)                                          (Signature)